**HIBERNIA NATIONAL BANK,**
Plaintiff-Appellee,

v.

**ADMINISTRACION CENTRAL
SOCIEDAD ANONIMA, et al.,**
Defendants,

**Jorge Raoul Garcia Granados de
Garay, Defendant-Appellant.**

No. 85–3078.

United States Court of Appeals,
Fifth Circuit.

Nov. 20, 1985.

James F. Willeford, New Orleans, La., John A. Field, III, Alexandria, Va., for defendant-appellant.

T. Allen Usry, John F. Weeks, II, Metairie, La., for plaintiff-appellee.

Before CLARK, Chief Judge, BROWN, and GEE, Circuit Judges.

**OPINION**

CLARK, Chief Judge:

Jorge Raoul Garcia Granados de Garay (Granados) appeals from a summary judgment granted in favor of Hibernia National Bank (Hibernia) on Hibernia's claim based on an instrument executed by Administracion Central Sociedad Anonima and endorsed by Granados as guarantor. Granados contends that the district court abused its discretion in refusing to set aside the summary judgment and consider appellant's untimely filed response to Hibernia's summary judgment motion. We agree and reverse.

I

On June 30, 1983, Hibernia filed a debt action in a Louisiana state court against Granados, who subsequently removed the case to the United States District Court for the Eastern District of Louisiana based on diversity of citizenship and the requisite jurisdictional amount. *See* 28 U.S.C. § 1332, 1441, 1446.

A pretrial conference was held on September 26, 1984, at which time the district judge fixed a trial date of January 28, 1985. At this conference Granados was represented only by John A. Field, III, a member of the Virginia State Bar. James F. Willeford, local counsel for Granados, was absent. During the conference the district judge reminded Field that, under local rules, it would be necessary for him to file a motion to be admitted *pro hoc vice* and for local counsel to participate responsibly in the case.

On December 20, 1984, Hibernia filed a motion for summary judgment against Granados. Field received the motion in the late afternoon of December 21, 1984. The date set for hearing the motion was January 9, 1985. Field apparently was unaware of Local Rule 3.7, which requires oppositions to motions to be filed 8 days before the hearing date and believed that the deadline for filing a response to the motion was the day prior to the hearing date, i.e., January 8, as provided by Fed.R.Civ.P. 56(c). Field prepared responsive pleadings from December 26 to December 28 and then sent them to his client for execution with instructions to forward them to Willeford for filing.

On January 2, 1985, Field received a letter from the district judge informing him that responsive pleadings to Hibernia's motion for summary judgment were due on January 1 by 5:00 p.m. Field then called the chambers of the district judge and told a law clerk that circumstances had made it impossible to file a timely response, but that he would file an unexecuted copy of the pleadings as soon as possible and that he would seek leave of the court and opposing counsel to file a response out of time. Field spoke with opposing counsel, who agreed to late receipt of the papers, so long as they were received by January 4.

On January 4, the district court granted Hibernia's motion for summary judgment. Later the same day Willeford filed a motion for leave to file a response out of time and an unexecuted copy of Granados's declaration and other documents. He also

filed a motion to admit Field as counsel *pro hoc vice*.

In his minute entry of January 7, the district judge granted the motion to admit Field. However, he denied the motion to file a response out of time. In doing so, the judge noted that he had spoken with counsel for Hibernia, who had objected to late filing of a response. He also noted that neither local counsel nor appellant had signed the responsive pleadings offered. Although the judge had been informed by Field that signed pleadings would be available shortly, he indicated that the pleadings did not meet the form required by 28 U.S.C. § 1746.

On January 11, 1985, Granados filed a motion to set aside the summary judgment and to consider grounds of defense raised by appellant. The district court denied this motion on February 7. This appeal followed.

## II

The parties disagree as to the nature of the district court's initial decision to grant Hibernia's motion for summary judgment. Granados argues that the motion was granted by default. He points to the district court's minute entry of January 4, which stated that the "motion ... is GRANTED as unopposed." The district court's decision to grant the summary judgment motion just several days after the appellant's failure to meet the deadline for response and well before the date fixed for the hearing also suggests a judgment by default.

Hibernia, on the other hand, argues that the district judge did not grant the motion by default but rather determined, based on the papers filed by appellee. that there were no genuine issues of material fact in the case. Hibernia points to the minute entry of January 7, which stated that the motion had been granted because it "appeared to be well founded" and to the minute entry of February 7, which stated that the summary judgment was "based upon the state of the record."

A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir.1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id.* at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

Based on the record below, we cannot say with assurance that the district judge's decision to grant summary judgment was based on the merits, rather than on Granados's default. However, we need not conclusively resolve this question because the district court abused its discretion in denying Granados's motion to set aside the summary judgment and to consider his grounds of defense. Thus, even if the district court granted summary judgment based on the merits of Hibernia's case, it erred in failing to consider the merits of Granados's defense as reflected in its belated response.

Fed.R.Civ.P. 60(b)(1) provides that "the court may relieve a party or his legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." This rule is to be liberally construed so that doubtful cases may be resolved upon the merits. *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir.1965). While a decision to grant or deny relief under 60(b)(1) is within the sound discretion of the trial court, *see Vela v. Western Elec. Co.*, 709 F.2d 375, 376 (5th Cir.1983), the district court abused its discretion under the circumstances presented here.

Although this case does not involve a default judgment as such, it presents many concerns similar to those in a default judgment situation. In granting a default judgment, the court does not consider the substantive merits of the case. Here, the dis-

trict judge did not consider the substantive merits of the defense Granados wished to raise.[1] Granados's affirmative defense raised an issue distinct from the issues involved in Hibernia's case. *Compare Cline v. Hoogland*, 518 F.2d 776, 778–79 (8th Cir.1975) ("appellant's proposed resistance filed with the 60(b) motion fails to raise any new issue of material fact not previously considered in disposing of the motion for summary judgment"). Thus, the district judge's refusal to consider this defense presents a clear analogy to a default judgment.

■ In ruling on a motion to set aside a default judgment under 60(b)(1), the courts generally look at three factors: (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of defendant's conduct. *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir.1982).

■ In the present case Hibernia alleges no prejudice except that which may result from further delay in collecting its judgment. However, the mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require denial of a 60(b)(1) motion. *United Coin, supra*, 705 F.2d at 845.

Granados alleges that following the default by the maker of the note in question (Administracion Central Sociedad Anonima), Hibernia, without explanation or excuse, delayed for two years taking action to secure payment of the note. He alleges that but for this delay Hibernia could have obtained payment from the maker. In the alternative, Granados, as guarantor, could

have secured reimbursement from the maker. He claims that this failure to act had the effect of discharging him from his obligations as an uncompensated guarantor.[2]

■ The final issue is that of Granados's culpability. There is certainly no evidence that his untimely filing was willful. *See United Coin, supra*, 705 F.2d at 845. Furthermore, while Granados's counsel should have known and followed the local rules, the circumstances of this case combined to create a much more serious consequence for Field's ignorance of Local Rule 3.7 than might have otherwise occurred. Specifically, we note the fact that Field received Hibernia's motion for summary judgment just before the Christmas holidays and that the district judge's notice of the filing deadline did not reach Field until the day after the deadline had passed. Under other circumstances, Field may have received the notice in time to file the responsive pleadings, which he had already prepared, before the deadline. At any rate, once Field discovered that the deadline had passed, he moved with all possible speed to file an unexecuted set of pleadings and to secure leave of court for a late filing. The minimal tardiness involved in this case was not enough to justify depriving Granados of the right to present a substantive defense. Field's neglect here should have been excused.

In denying Granados's motion to set aside the summary judgment, the district court emphasized two additional procedural errors committed by Granados. First, the court noted that, although Field was notified of the need to file a motion to be admitted *pro hoc vice* on September 26, 1984, he failed to do so until January 4,

---

**1.** Hibernia points out that its motion for summary judgment included Granados's deposition, in which he asserted many of the factual allegations underlying his defense of release. Hibernia discussed this defense in its motion and argued that Granados's assertions were insufficient to raise a genuine issue of material fact. There is no indication, however, either in the district court's ruling on the summary judgment motion or in its denial of appellant's motion to file a late response, that the court considered the merits of this defense. If it had, it would

not have rejected appellant's response on purely procedural grounds.

**2.** By reciting Granados's claim we, of course, neither decide nor intimate that his responsive pleadings establish a genuine issue as to these facts, or that such facts, if established, would constitute a meritorious defense. We likewise express no opinion with regard to the several other defenses Granados asserts.

1985. Second, the court stated that Granados's proffered response was not in the form required by 28 U.S.C. § 1746.

■■■ These deficiencies are insufficient to justify the court's action. Field's delay in filing a motion to be admitted *pro hoc vice* was apparently caused by the fact that he did not receive the required certification from the Bar of the State of Virginia until December 27, 1984. At any rate, it does not appear that this delay caused any significant inconvenience to the court or prejudice to Hibernia. Indeed, the court actually granted the motion to be admitted *pro hoc vice* on January 7, 1985. The inadequacy of the form of Granados's declaration if any,[3] was similarly insufficient to justify denial of his right to present a response. Granados should have been given an opportunity to amend the declaration so as to correct any technical deficiencies. *See* Fed.R.Civ.P. 56(e).

Hibernia's reliance on *United States v. Cirami*, 535 F.2d 736 (2d Cir.1976), is misplaced. In that case the motion at issue was made some two years after summary judgment was entered. The motion was made under Fed.R.Civ.P. 60(b)(6), which is only available where there are extraordinary circumstances. *Id.* at 738. Furthermore, the reasons for the default in that case were unknown. *Id.* at 739. The present case involves a 60(b)(1) motion, promptly made after minimal tardiness in meeting a filing deadline, and the circumstances are sufficient to excuse the attorney's neglect.

For these reasons we hold that the district court abused its discretion in failing to set aside the summary judgment and consider appellant's response.

### III

In the interest of justice, the summary judgment is vacated and this case remanded so that the district court may rule on the merits of Hibernia's summary judgment motion after Granados has been accorded a reasonable opportunity to ˋrespond. This action is predicated on Granados's counsel's assurance to this court that he is prepared to appear before the district court as promptly as that court may require to present the merits of his defense. Nothing in this opinion is intended to suggest that summary judgment on the merits would be inappropriate in this case should the district court decide that it is warranted.

REVERSED AND REMANDED.

---

**3.** Appellant contends that the court's concerns about the form of the declaration stem from its misapprehension that the declaration was executed in Guatemala. In fact, appellant claims the declaration was executed in Florida. Since the court never took evidence on this matter, nor explained the precise basis for its concern about the declaration's form, we do not decide this issue here.