**UNITED STATES of America, Plaintiff,**

**v.**

**Sidney W. WANG and Katherine Wang, Defendants.**

**No. 89–2282–S.**

United States District Court, D. Kansas.

April 3, 1990.

Benjamin L. Burgess, Jr., U.S. Atty., Karen Arnold–Burger, Asst. U.S. Atty., Kansas City, Kan., for plaintiff.

Sidney W. Wang, Katherine Wang, Prairie Village, Kan., pro se.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion to set aside the entry of default judgment pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. This action was filed by the United States on June 14, 1989, to enforce the payment of a Small Business Administration (SBA) loan in the amount of $62,319.95, plus interest. Defendants are husband and wife and are the guarantors of the SBA loan. The maker of the loan was Eastern Enterprises, Inc. d/b/a Peacock Pavilion, which operated a restaurant at 320 Seville Square, Kansas City, Missouri. Service of process was perfected on defendant Katherine Wang on June 17, 1989, and on defendant Sidney W. Wang on July 24, 1989. After defendants failed to file an answer or otherwise respond to the complaint, plaintiff United States filed a motion for default judgment on August 15, 1989. The Clerk of the Court entered judgment by default on August 18, 1989.

■ Setting aside an entry of default judgment is within the inherent equity power of this court. Such a matter is addressed to this court's sound discretion. This court favors resolving cases on the merits and is generally liberal in granting motions filed under Rule 55(c). Rule 55(c) states:

> "For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

Determining whether to grant a motion to set aside a default judgment, courts generally consider three factors: (1) the extent of any prejudice to the non-defaulting party; (2) the merits of defendant's asserted defenses; and (3) the culpability or good faith of the defaulting parties' conduct (excusable neglect). *See Hibernia Nat'l Bank v. Administration Central Sociedad and Anonima*, 776 F.2d 1277, 1290 (5th Cir.1985).

■ In support of this motion, defendants argue that their conduct in failing to timely answer or respond to this lawsuit is excusable. Defendants contend that defendant Katherine Wang was in contact with the United States Attorney's office and had been exploring the possibility of settling the matter without litigation. Also, defendants contend that they are immigrants to this country and that due to their cultural upbringing, did not fully comprehend the consequences of responding to the complaint.

In response to this motion, plaintiff United States presents a copy of a letter sent by the assistant United States attorney to defendant Katherine Wang rejecting Mrs. Wang's offer of settlement. The letter specifically stated:

"We will proceed with our action and will ask the court for a default judgment if you and/or husband do not answer the complaint by August 14, 1989. If you have any concerns or doubts about what it [sic] is necessary for you to do to defend against this action or what effect a judgment against you would have, I recommend you seek the advice of an attorney." Exhibit B to plaintiff's response.

Also, plaintiff shows that the Wangs have lived in the United States for at least 28 years and that Mrs. Wang is fluent in English, Spanish, Chinese and is employed as a real estate agent in Johnson County, Kansas. Defendant Sidney Wang is a practicing physician in Johnson County, Kansas, and the owner of Wang Medical Corporation.

The court finds that the defendants are highly educated professional people who are capable of understanding the consequences of not timely responding to the complaint in this case. Moreover, plaintiff United States specifically advised defendant Katherine Wang that the government would seek default judgment if her and her husband failed to answer by August 14, 1989, and encouraged her to respond and seek legal advice. When the non-defaulting party endeavors to encourage the other party to respond, the court is more inclined to deny the request to set aside an entry of default. C. Wright & A. Miller and M. Kane, *Federal Practice and Procedure*, § 2693, pp. 487–88 (1983). Since defendants have failed to show that their failure to timely respond to the complaint was excusable, the court will deny their request to set aside the entry of default.

IT IS THEREFORE BY THE COURT ORDERED that defendants' motion, pursuant to Rule 55(c), to set aside the entry of default is denied.