**J.G. ROMBERGER, M.M. Smith, and S.H. Person, Plaintiffs,**

**v.**

**UNITED TRANSPORTATION UNION, Defendant.**

**No. 3:95CV70–S–A.**

United States District Court, N.D. Mississippi, Western Division.

July 5, 1996.

J.G. Romberger, Water Valley, MS, Pro Se.

Kevin C. Brodar, Associate General Counsel, Cleveland, Ohio, Mark Allen, Agee, Allen, Godwin, Morris & Laurenzi, Memphis, TN, for Defendant.

**1132**

*OPINION*

SENTER, Chief Judge.

In this *pro se* labor matter, plaintiffs seek review of an internal union decision regarding their seniority rights on the railroad. Previously, this court dismissed plaintiffs' claim challenging perceived irregularities in certain union elections on the ground that they lacked standing to make that assertion. Presently before the court is defendant's motion for summary judgment. The only response to the instant motion came from plaintiff Romberger in the form of a motion for appointment of counsel. That document addresses none of the issues raised by defendant but only outlines Romberger's unsuccessful attempts to secure legal representation.

■ Although this court cannot grant summary judgment by default, i.e., simply because there is no opposition to the motion, *Hibernia National Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985), the court may accept as undisputed the movant's version of the facts and grant the motion where the movant has made a prima facie showing of its entitlement to summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir.1988). Having carefully considered the matter, the court finds that defendant has indeed made the requisite showing entitling it to summary dismissal of this cause.

■ The court reaches that conclusion on several grounds. First, the court does not have jurisdiction under 45 U.S.C. § 153 to review the decision of an internal union appeal board. Subsection (q) only gives the court authority to review arbitration awards rendered by the National Railroad Adjustment Board or a Special Board of Adjustment. No adjustment board award is at issue here. Second, the court has no authority to interpret a collective bargaining agreement because the issue presented by plaintiffs is considered a minor dispute under the Railway Labor Act. That Act vests exclusive jurisdiction over such matters in the National Railroad Adjustment Board or a Special Board of Adjustment. *Consolidated Rail Corp. v. Railway Labor Executives' Association*, 491 U.S. 299, 302–04, 109 S.Ct. 2477,

2480–81, 105 L.Ed.2d 250 (1989). Third, plaintiffs admitted during discovery that they had made no attempt to exhaust their administrative remedies through the § 153 grievance procedure as required under the law. *See Baker v. Farmers Electric Cooperative, Inc.*, 34 F.3d 274, 284 (5th Cir.1994) (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 651, 85 S.Ct. 614, 615–16, 13 L.Ed.2d 580 (1965) (generally where federal law applies, federal labor policy requires employees wishing to assert contract grievances to attempt use of contract grievance procedure as mode of redress)). And finally (assuming the court has jurisdiction over this cause), plaintiffs have made no showing that the union acted in an arbitrary, discriminatory, or bad faith manner, thereby breaching its duty of fair representation.

■ As to Romberger's request for appointment of counsel, the court finds the motion is not well taken. As discussed above, this cause is without merit, and Romberger has made no showing that he is financially unable to retain counsel, both of which are prerequisites to a court appointment of counsel.

An appropriate final judgment shall issue.