Trev CLARK, Plaintiff,

v.

LA MARQUE INDEPENDENT SCHOOL DISTRICT, et al., Defendants.

CIV. A. No. G–99–668.

United States District Court,
S.D. Texas,
Galveston Division.

May 5, 2000.

George M Kirk, Jr., Kirk Gottesman and Lee, Houston, for Trev Clark, plaintiffs.

Matthew C Guilfoyle, Davis Oretsky et al., Houston, for La Marque Independent School District, Russel E Washington, Jr., Chief of Police, Individually and In His Official Capacity as Chief of Police for La Marque, ISD, Ben Cavil, Individually and In His Official Capacity As Assistant Superintendent of Administration for La Marque ISD, defendants.

### *ORDER DENYING PLAINTIFF'S MOTION TO VACATE DISMISSAL* [1]

KENT, District Judge.

Plaintiff originally brought this action against Defendants alleging violations of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1985. In an order issued April 21, 2000, the Court *sua sponte* **DISMISSED WITH PREJUDICE** all claims asserted in this case. Now before the Court is Plaintiff's Motion for New Trial, which the Court properly evaluates as a Motion to Vacate Dismissal. For the reasons stated below, Plaintiff's Motion is **DENIED.**

### I. PROCEDURAL BACKGROUND

While draconian, the April 21st Order dismissing this case was appropriate under the circumstances. In preparation for trial, the Court set a scheduling conference for March 1, 2000. Less than a week before the date of the Rule 16 Conference, the Court, at the request of Plaintiff's counsel, agreed to postpone the hearing for one month until April 5, 2000. Despite bending over backwards to rework its docket obligations so as to accommodate Plaintiff's counsel, the Court called the above styled case at the designated time on April 5, 2000 only to discover that Plaintiff's counsel was no where to be found in the courthouse; consequently, the Court dismissed Plaintiff's case. In response, Plaintiff has inundated the Court with paperwork requesting that its Motion for New Trial and a

1. Plaintiff actually filed a Motion for New Trial, but given that Plaintiff's counsel's absenteeism prevented the Court from ever setting an actual trial date, the Court presumes that Plaintiff

Motion to Re–Schedule the Pre–Trial Conference be granted.

### II. ANALYSIS

■ As best the Court can determine, Plaintiff relies on either clause (1) or clause (6) of Rule 60(b) of the Federal Rules of Civil Procedure for relief from judgment. This rule provides in relevant part that: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representation from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment . . . ." FED. R. CIV. P. 60(b). Regardless of which clause is invoked, the Fifth Circuit has stressed that vacating a dismissal should be a difficult endeavor. *Bailey v. Ryan Stevedoring Co.,* 894 F.2d 157, 160 (5th Cir.1990) (counseling that "[t]he desire for a judicial process that is predictable mandates caution in reopening judgments" (quoting *Fackelman v. Bell,* 564 F.2d 734 (5th Cir.1977))). To determine whether Plaintiff has met his burden, the Court will evaluate each clause in turn.

### A. *Rule 60(b)(1)*

■ In deciding whether sufficient ground exists for setting aside a judgment under Rule 60(b)(1), the Fifth Circuit has directed district courts to consider three factors: (1) the merits of the defendant's asserted defense; (2) the culpability of defendant's conduct; and (3) the extent of prejudice to the plaintiff. *See Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima,* 776 F.2d 1277, 1280 (5th Cir.1985). But a district court may also consider other factors, for the decision of whether to grant relief under Rule 60(b)(1) falls within its sound discretion. *See id.* at 1279; *CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 64 (5th Cir.1992) (noting that the *Hibernia* factors are not "talismanic"). In the Court's view, Plaintiff's counsel's explanations for

wants this Motion treated as a Motion to Vacate Dismissal under Rule 60(b) of the Federal Rules of Civil Procedure. The Court reviews it as such, Plaintiff's labeling error notwithstanding.

"ditching" the Court's Scheduling Conference fail under this standard.

■ As his excuse for not showing up for the April 5, 2000 Scheduling Conference, Plaintiff's counsel points to "computer calendar system" failure, "data entry" error, "file-server computer system" problems, and "software program" difficulties. Given the lengths the Court has already gone to meet the needs of Plaintiff's counsel, the Court finds each of these "Hi–Tech" excuses woefully unsatisfactory—especially given that Plaintiff's counsel had an independent record of the April 5th Conference date based on a notice letter he himself drafted to opposing counsel on February 29, 2000. Therefore, computer programming malfunctions aside, Plaintiff's counsel had an alternative resource available with which to verify the calendering of the conference. Because Plaintiff's counsel was put on notice of the Scheduling Conference in a variety of ways—and in fact was the individual responsible for rescheduling the hearing for an April setting—there is no justifiable mistake, inadvertence, or other ground that warrants relief under Rule 60(b)(1). To argue that Plaintiff's counsel's failure to attend the hearing was based on circumstances entirely outside his control is absolutely asinine. *See Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, (5th Cir.1999) (" 'Neither ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1).' " (quoting *Ben Sager Chem. Int'l, Inc. v. E. Targosz & Co.,* 560 F.2d 805, 809 (7th Cir.1977))); *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356–57 (5th Cir. 1993) (noting that "[d]enial of a Rule 60(b) motion to set aside a dismissal under clause (1) is not an abuse of discretion when the proffered justification for relief is the 'inadvertent mistake.' ... Rule 60(b) relief will only be afforded in 'unique circumstances.' *In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness* with or misapprehension of the law

or the applicable rules of court." (citations omitted) (emphasis added)). The Court also finds that, based on a cursory view of the facts and claims raised in this case, Plaintiff's suit rested on weak ground, and likely would be subject to dismissal under Federal Rules of Civil Procedure 12(b).[2]

Given the totality of the circumstances and after evaluating them in the context of the *Hibernia* factors, the Court, in its sound discretion, ·rejects the merits of Plaintiff's counsel's excuses under Rule 60(b)(1), finds Plaintiff's counsel's conduct culpable, and determines that the extent of prejudice to Plaintiff is minimized by the relatively weak factual and legal underpinnings to the case.

**B.  *Rule 60(b)(6)***

■ Plaintiff's Motion also fails under Rule 60(b)(6). Clause (6) is a "catch-all provision to cover unforeseen circumstances—a means to accomplish justice under exceptional circumstances." *Edward H. Bohlin Co.,* 6 F.3d at 357 (citation omitted). To be entitled to relief under Clause (6), a party must show "the initial judgment to have been manifestly unjust." *Id.* (citation omitted). Put differently, a party must present "unique circumstances that cry out for reversal." *Id.*

■ In this case, Plaintiff has failed to demonstrate "exceptional circumstances." His lawyer's alleged mishaps are insufficient for relief because the Court finds, as detailed above, gross carelessness or ignorance of the rules on the part of a party's lawyer insufficient bases for Rule 60(b) relief. *See Bohlin,* 6 F.3d at 357 ("In fact, a court would abuse its discretion if it were to reopen a cause under [Rule 60(b) ] when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."); *Pryor v. United States Postal Serv.,* 769 F.2d 281, 287 (5th Cir.1985). The delay and overall inconvenience caused to the Court are absolutely unacceptable. Given its prior willingness to reschedule the Rule 16

---

**2.** For instance, Plaintiff's 42 U.S.C. § 1983 claim fails to allege a constitutional violation committed by a person acting under color of law. The 42 U.S.C. § 1981 claim does not allege that De-

fendants' actions were motivated by racial animus. Finally, the 42 U.S.C. § 1985 conspiracy pleading likely would run afoul of Fifth Circuit authority.

Conference for the benefit of Plaintiff's counsel, the Court does not find it manifestly unjust to dismiss Plaintiff's case due to the inattention and delay (regardless of the motive) demonstrated by Plaintiff's counsel.

### III. CONCLUSION

After reviewing all pleadings on file, the Court finds that the reasons articulated by Plaintiff's counsel for his failure to appear at the Scheduling Conference do not justify relief under Rule 60(b). Accordingly, Plaintiff's Motion is **DENIED**, and the case remains **DISMISSED WITH PREJUDICE.** The parties are **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**