UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50192
SUMMARY CALENDAR
_____

DOMINGO PEREZ

       Plaintiff - Appellant

 v.

THOMAS ALAN DICKERSON, Etc; ET AL

       Defendants

JOHN MASPERO, Sheriff, In His Official Capacity

       Defendant - Appellee

_____

On Appeal from the United States District Court for the
Western District of Texas, Austin Division
(A-00-CV-438-AA)
_____

January 6, 2003

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

    In this appeal we review a district court's decision to grant summary judgement in favor of

Defendants, Thomas Alan Dickerson and Sheriff John Maspero, in a civil rights suit brought by

---

    [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

Plaintiff, Domingo Perez, pursuant to 42 U.S.C § 1983. For the following reasons, we affirm the district court's judgment.

I.

On February 14, 1999, Plaintiff Domingo Perez ("Perez") was arrested for driving while intoxicated. He was taken to the Williamson County Jail in Georgetown, Texas for booking and processing. After arriving at the jail, Perez was instructed by Defendant Thomas Dickerson, a Williamson County Corrections Officer, to sit on a bench. Perez, for some unknown reason, failed to follow Officer Dickerson's instructions.

Apparently concerned that Perez's refusal to cooperate might lead to an incident in front of several other arrestees, Officer Dickerson forcibly led Perez to an elevator, where Dickerson pushed and held Perez against the elevator doors with such force that, when the elevator arrived, the doors would not open.

Dickerson eventually released his grip on Perez and the elevator doors opened, resulting in Perez falling inside the elevator and sustaining injuries to his face and shoulders. Dickerson then pinned Perez into the corner of the elevator with his knee.

Officer Dickerson was then instructed by one of his superiors –who had arrived in response to Dickerson's radio call for assistance– to cease his use of force. Dickerson was subsequently suspended, pending an investigation of the incident, and later resigned in order to avoid being terminated. Criminal charges were filed against Dickerson by the Williamson County Attorney, and as a result of a plea agreement, Officer Dickerson was placed on deferred adjudication, which he successfully completed.

Domingo Perez filed a Section 1983 civil rights complaint in federal district court against

Dickerson, in his individual and official capacities, and Williamson County Sheriff Ed Richards, in his official capacity.[2] The parties consented to proceed before, and the case was assigned to, a magistrate judge.

In his complaint, Perez alleged, inter alia, that Dickerson used unnecessary force by striking, pushing and assaulting the Plaintiff. He also asserted that Maspero failed to adequately train the county's jailers, and that, as Sheriff, Maspero had "actual knowledge" of the routine practice of jailers committing assaults against inmates. Perez also alleged that the county had established policies and procedures which encouraged and rewarded assaults against inmates.

Both Maspero and Dickerson moved for summary judgment. The magistrate judge, upon finding that Perez failed to show that Williamson County had a policy of encouraging or tolerating the use of excessive force against inmates, granted the summary judgement motions for both defendants in their official capacities, but denied Dickerson's individual capacity motion. The parties later stipulated to the dismissal of the individual capacity suit, and final judgment was entered on January 16, 2002. Perez then filed timely notice of this appeal.

II.

On appeal, Perez argues that the magistrate judge erred in granting summary judgement for Dickerson and Maspero. His arguments essentially amount to the contention that there are disputed fact issues regarding whether Williamson County had a policy of encouraging and tolerating the use of excessive force by jailers against inmates.

We review a grant of summary judgment de novo, applying the same standard as the

---

[2] John Maspero was substituted for Richards as his successor when Richards resigned as Sheriff.

district court. *See Terrebonne Parish School Board v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). Summary judgement is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgement as a matter of law. FED. R. CIV. P. 56(c).

The party moving for summary judgement has the burden of establishing the absence of a genuine issue of material fact. *Hibernia Nat'l Bank v. Administracion Cent. S.A.*, 776 F.2d 1277, 1279 (5th Cir. 1985). If the moving party meets its initial burden of showing that there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence establishing a factual issue. *See Evans v. Houston*, 246 F.3d 344, 348 (5th Cir. 2001). Although we draw all reasonable inferences in favor of the nonmoving party, conclusory allegations unsupported by concrete and particular facts are insufficient to defeat a motion for summary judgment. *See Terrebonne Parish School Board*, 290 F.3d at 310.

To establish municipal liability when a plaintiff is not relying upon an explicit, stated policy, the plaintiff must demonstrate a persistent pattern of conduct. *See Richardson v. Oldham*, 12 F.3d 1373, 1381-82 (5th Cir. 1994)("a municipal policy may be established by a persistent pattern of conduct as well as by a formal legal declaration"). Liability exists when a prisoner demonstrates a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)(en banc). Isolated violations are not the persistent, often repeated, constant violations that constitute custom and policy. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)(en banc)(citing *Barry v. McLemore*, 670 F.2d 30, 32 (5th Cir. 1982)).

In support of his arguments on appeal, Perez disputes the magistrate judge's finding that a superior officer instructed Dickerson to stop his use of force against the appellant. Perez infers the existence of a policy condoning the use of force from Dickerson's testimony indicating that his actions were consistent with the training he received from Williamson County. To further support his theory, Perez submits that "deposed correctional officers all acknowledged knowing of other correctional officers who had been terminated for using excessive force against inmates."

Perez's contention that Williamson County condoned and encouraged the use of excessive force is conclusory and is not supported by the record. As evidence of the "persistent pattern of conduct," Perez adduces eight incidents involving "personnel problems" among Williamson County correctional officers. Of the eight incidents, however, only one involves a jailer's use of excessive force against an inmate. In that case, as in the case at hand, the officer was subjected to an internal affairs investigation and ultimately lost his job.

Contrary to the Appellant's assertions, the record suggests that Williamson County has discouraged the type of behavior at issue by initiating disciplinary proceedings, and in the case of Dickerson, filing criminal charges against wrongdoers. Rather than a pattern of behavior constituting a custom or practice, the excessive force employed against Perez by Dickerson represents an isolated event. *See Bennett*, 728 F.2d at 768 n.3. Furthermore, although the behavior at issue was wrongful, it was treated as such by Williamson County officials.

After reviewing the record and briefs, we hold that Perez failed to meet his burden to produce evidence or designate specific facts showing the existence of a genuine issue for trial. Accordingly, we find that the magistrate judge did not err in granting summary judgement for the defendants.

III.

For the foregoing reasons, the judgement of the district court is AFFIRMED.