GRIFFITH, Circuit Judge,
concurring:
I join the majority opinion in full but write separately to raise concerns with how the district court construed the Rules of the United States District Court for the District of Columbia (Local Rules) in granting summary judgment to the District on Grimes’s Eighth Amendment claim.
As the majority opinion recounts, Grimes did not file an opposition to the District’s motion for summary judgment. Maj. Op. 87-89. Instead, she asked the district court to strike the motion based on an alleged conflict of interest involving the District’s former Attorney General. The court refused and granted the District’s motion “as conceded” without further ex *96 planation. See J.A. 189. We reversed, instructing the court to state its rationale for granting summary judgment. Grimes v. District of Columbia, 464 Fed.Appx. 3, 4 (D.C.Cir.2012).
On remand, the district court reached the same result as before and this time supplied an explanation for its decision, as we had directed. The explanation, however, was so brief as to be unclear. After reciting relevant portions of Federal Rule 56(e) and Local Rules 7(b) and 7(h), the court observed that the Local Rules “can be construed and applied consistently with [Federal Rule] 56(e)” and granted summary judgment to' the District, explaining that it was relying on “uncontroverted assertions” in the District’s motion for summary judgment. Grimes v. District of Columbia, 923 F.Supp.2d 196, 198 (D.D.C.2013). In light of this explanation, I see only two ways the court could have reached this result. Either would be incorrect.
A
In its brief arguing for summary judgment, the District supporting any element of Grimes’s Eighth Amendment claim. See J.A. 77. If the district court treated these assertions as admitted based on Grimes’s failure to oppose summary judgment, then it misapplied Federal Rule of Civil Procedure 56(e)(2) and Local Rule 7(h).
A motion for summary judgment typically includes a brief or memorandum arguing why summary judgment is legally appropriate. In support of its motion, the moving party also submits a separate statement of material facts that it claims are not in dispute. See D.D.C. R. 7(h).* If the nonmoving party sees things differently, it must identify for the court the facts it claims are in dispute and must be resolved at trial. Id. Both the Federal and Local Rules anticipate that the nonmoving party, like Grimes here, might not rebut the moving party’s asserted facts. Federal Rule 56(e)(2) provides, “If a party ... fails to properly address another party’s assertion of fact ... the court may ... consider the fact undisputed for purposes of the motion [for summary judgment].” Fed.R.CivP. 56(e)(2). The Advisory Committee’s Notes explain that this rule “reflects the ‘deemed admitted’ provisions in many local rules.” Fed.R.CivP. 56(e)(2) Advisory Committee’s Note (2010). Under the local-rule relevant here, the district court may “assume” that' the nonmoving party “admitted” any facts that it failed to “controvert” after the moving party requested summary judgment. See D.D.C. R. 7(h)(1).-
Here, the District identified only three facts in its “Statement of Material Facts as to Which There Is No Genuine Issue”: Karl Grimes was committed to Oak Hill; he was injured in a fight with another resident there; and he died after suffering a head injury in that fight. J.A. 84. Because Grimes never opposed summary judgment and therefore did not controvert these assertions, Local Rule 7(h) allowed the district court to assume that she admitted these facts, but no others. But the District’s repeated assertion in its brief that no record evidence supported Grimes’s claim could not be conceded simply because Grimes never argued otherwise. In the first place, this assertion is not a statement of fact but a legal conclusion that required the court to apply law (the elements of Grimes’s Eighth Amend *97 ment claim) to fact (any undisputed facts plus anything in the record). The “deemed admitted” rules, however, apply only to facts. See Fed.R.CivP. 56(e); D.D.C. R. 7(h). Moreover, the “deemed admitted” rules apply only to a party’s statement of material facts, but the District’s assertion appeared only in its brief. The district court erred if it granted summary judgment because it “deemed admitted” the District’s assertions that the record did not support Grimes’s Eighth Amendment claim.
B
Alternatively, the district court may have concluded that the failure of Grimes to oppose the District’s motion for summary judgment was a concession of the motion’s merit. This, too, would be error because motions for summary judgment may not be conceded for want of opposition. Federal Rule 56 permits a district court to grant summary judgment only if “the movant shows that there is no genuine dispute as to any material fact.” Fed. R.Cxv.P. 56(a). The burden is always on the movant to demonstrate why summary judgment is warranted. The nonmoving party’s failure to oppose summary judgment does not shift that burden. Contra Grimes, 923 F.Supp.2d at 198 (granting summary judgment because “the nonmov-ant fail[ed] to demonstrate a genuine dispute as to any material fact” (emphasis added)). For that reason, a district court must always determine for itself whether the record and any undisputed material facts justify granting summary judgment. See Fed.R.CivP. 56(e)(3) (“If a party ... fails to properly address another party’s assertion of fact ... the court may ... grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it.”).
In announcing its decision to grant summary judgment to the District, the district court cited Local Rule 7(b). See Grimes, 923 F.Supp.2d at 198. That rule requires a party opposing any motion to file “a memorandum of points and authorities in opposition to the motion” within fourteen days. See D.D.C. R. 7(b). The rule further provides that “the [cjourt may treat the motion as conceded” if the opposing party fails to file its motion in opposition within that time. Id.
On its face Local Rule 7(b) appears to allow a district court to treat an unopposed motion for summary judgment as conceded, but that cannot be the case because of the demands of Federal Rule 56. And local rules, by law, cannot conflict with federal rules. See Fed.R.CivP. 83. For this reason, every circuit to have considered the question has concluded that failure to oppose a motion for summary judgment is no concession, regardless of what local rules might provide. See, e.g., Raymond v. Ameritech Corp., 442 F.3d 600, 608 (7th Cir.2006); Champion v. Artuz, 76 F.3d 483, 486 (2d Cir.1996); Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir.1993); Anchorage Assoc. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir.1990); Jaroma v. Massey, 873 F.2d 17, 19-20 (1st Cir.1989); Hibernia Nat’l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir.1985).
The Local Rules can still be read harmoniously with Federal Rule 56. As already noted, Local Rule 7(h) allows only certain uncontroverted facts to be “admitted,” consistent with the demands of Federal Rule 56. And by their titles, Local Rule 7(h) (“Motions for Summary Judgment”) applies specifically to motions for summary judgment, while Local Rule 7(b) (“Opposing Points and Authorities”) applies to motions in general. In my view, the best way to read these rules is to apply Rule 7(h) *98 and not Rule 7(b) when a nonmoving party-fails to oppose a motion for summary judgment. Cf. Gozlon-Peretz v. United States, 498 U.S. 395, 407, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991) (holding that a more general statute “does not apply” because “[a] specific provision controls over one of more general application”).
To be clear, the District did all that the rules require. It submitted a statement of undisputed material facts and a brief explaining why summary judgment was appropriate. As our majority opinion explains, Celotex does not require a defendant moving for summary judgment to do anything more than point out to the court that the record cannot support the plaintiffs claim. See Maj. Op. 93-95 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). But even if the nonmoving party does not oppose summary judgment, the district court may not treat the motion as conceded. Instead, the court must examine the record on its own and determine that the moving party’s assertions warrant summary judgment. The district court took those very steps for Grimes’s claim of negligent hiring, training, and supervision. See Grimes, 923 F.Supp.2d at 199 (granting summary judgment “based on the un-controverted assertions in defendant’s [motion for summary judgment] and plaintiff’s failure to designate an expert witness,” and explaining why an expert witness was necessary to Grimes’s claim (emphasis added)). But when it came to her Eighth Amendment claim, the court seems to have treated the matter as conceded simply because she failed to oppose the motion. See id. at 198-99 (noting that the District “asserts” that Grimes could not cite any record evidence supporting any element of her claim and then holding that “the [e]ourt considers defendant’s assertions to be undisputed for purposes of the motion”); see also id. at 198 (“[Rule 56] and the accompanying Advisory Committee Notes do not prohibit this Court from granting summary judgment where, as here, the nonmovant fails to demonstrate a genuine dispute as to any material fact.”). The Federal Rules do not permit this.
Admittedly, one cannot fault the district court’s course here. We have endorsed such an approach. See FDIC v. Bender, 127 F.3d 58, 68 (D.C.Cir.1997) (“[I]t was not an abuse of discretion for the district court, pursuant to [the predecessor to Local Rule 7(b) ], to treat the [movant’s] motion for summary judgment as conceded.”); see also Skrzypek v. FBI, No. 10-5430, 2011 WL 2618182 (D.C.Cir. June 21, 2011); Giraldo v. U.S. Dep’t of Justice, No. 02-5058, 2002 WL 1461787 (D.C.Cir. July 8, 2002). Following our lead, district judges in this circuit have frequently treated unopposed motions for summary judgment as conceded. See, e.g., Smith v. U.S. Dep’t of Justice, 987 F.Supp.2d 43, 46-47 (D.D.C.2013) (citing Grimes v. District of Columbia, 923 F.Supp.2d 196 (D.D.C.2013)); Burke v. Inter-Con Sec. Sys., Inc., 926 F.Supp.2d 352, 356 (D.D.C.2013); Cromartie v. District of Columbia, 729 F.Supp.2d 281, 285 (D.D.C.2010); Indus. Bank of Washington v. Techmatics Techs., Inc., 763 F.Supp. 629, 636 (D.D.C.1991).
In an appropriate future case, we may find it necessary to reconsider Bender and the way Local Rule 7(b) has been applied to motions for summary judgment. In the meantime, I note that the rule is discretionary. Thus, even if we have said that a court may treat an unopposed motion for summary judgment as conceded, it need not do so. The wiser course for district courts is to conduct an independent review of the record to determine whether there remains any genuine dispute over material facts. If not, the court should say as much *99 without relying upon any concession by the nonmoving party.

 The Federal Rules describe only how a party should support factual assertions. See Fed. R.Civ.P. 56(c). They leave courts free to determine where those assertions should appear. See Fed.R.Civ.P. 56(c)(1) Advisory Committee's Note (2010).