# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2019

Lyle W. Cayce
Clerk

No. 18-11438
Summary Calendar

ROBERT ALAN THOMPSON,

Plaintiff - Appellant

v.

T CRNKOVICH, HSA, FPC Big Spring,

Defendant - Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 1:16-CV-55

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Proceeding *pro se* and *in forma pauperis*, Robert Alan Thompson, federal prisoner # 17709-280, challenges the district court's granting Crnkovich's summary-judgment motion, based on qualified immunity. (Thompson did not respond to the motion.)

As in district court, Thompson claims Crnkovich, the Health Services Administrator (HSA) at the facility in which he is confined, violated his Eighth

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Amendment rights by being deliberately indifferent to his serious medical needs: Crnkovich did not approve him for total knee-replacement surgery; and she did not provide him with a walker.

A federal prisoner may bring an action, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for an Eighth-Amendment claim based on cruel-and-unusual punishment. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55 (2017) (citing *Carlson v. Green*, 446 U.S. 14, 19 (1980)). Prisoners have a clearly-established Eighth-Amendment right not to be denied, by deliberate indifference, attention to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976) (citations omitted); *see also Gobert v. Caldwell*, 463 F.3d 339, 345 & n.13 (5th Cir. 2006) (citations omitted). To prevail on such a claim, a prisoner must show that defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs". *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (citation omitted). It "is an extremely high standard to meet". *Id.* The prisoner must show that he was "exposed to a substantial risk of serious harm" and that prison officials "were actually aware of the risk, yet consciously disregarded it". *Lawson v. Dallas Cty.*, 286 F.3d 257, 262 (5th Cir. 2002) (citations omitted).

Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action". *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citation omitted). Defendant "must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the [defendant] and the constitutional violation sought to be redressed". *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (citation omitted).

A summary judgment is reviewed *de novo*. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017) (per curiam) (citation omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In that regard, the court must view all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Austin*, 864 F.3d at 328–29 (citation omitted). When "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial". *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotations and citation omitted). Additionally, although Thompson did not respond to Crnkovich's summary-judgment motion in district court, this does not alone justify summary judgment. *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citation omitted).

Importantly, "qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks and citation omitted). "The qualified immunity defense has two prongs: whether an official's conduct violated a constitutional right of the plaintiff; and whether the right was clearly established at the time of the violation." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citation omitted). "A court may rely on either prong of the defense in its analysis." *Id.* (citation omitted). When, however, defendant has asserted qualified immunity in a summary-judgment motion, as here, "the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to

whether the official's allegedly wrongful conduct violated clearly established law". *Id.* (citation omitted).

The summary-judgment evidence shows a consulting surgeon recommended Thompson receive knee-replacement surgery. When such surgery, considered "medically acceptable – not always necessary" by the Federal Bureau of Prisons (BOP), is recommended, the relevant institution's Utilization Review Committee (URC) must review the recommendation and decide whether to approve it. The URC, which includes the institution's HSA (in this instance, Crnkovich), may seek secondary review of the recommendation by BOP regional-level medical staff.

The URC, including Crnkovich, referred Thompson's case for secondary review. Regional-level medical staff disapproved the surgery and called for conservative management of Thompson's condition through weight loss, pain management, and activity restrictions. Crnkovich, therefore, lacked the necessary personal involvement in the claimed constitutional deprivation, because she was not involved in the decision made by the BOP's regional medical staff.

Even assuming *arguendo* Crnkovich had the requisite personal involvement in the denial, the record reflects nothing more than a disagreement over Thompson's treatment plan. Both elective surgery and the nonsurgical management techniques chosen here are permitted by the BOP's Clinical Practice Guidelines for treating Thompson's condition, and his disagreement with his treatment plan is insufficient to establish a constitutional violation. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam).

Regarding Thompson's not being provided a walker, he was issued a cane in July 2015. The BOP considers a cane, like a walker, durable medical

equipment available for treating Thompson's condition.    The denial of Thompson's request for a walker, either in addition to or instead of a cane, therefore does not rise to the level of a constitutional violation. *See Gobert*, 463 F.3d at 346 (noting "the decision whether to provide additional treatment is a classic example of a matter for medical judgment" that does not establish deliberate indifference (internal quotations and citation omitted)).

Moreover, Crnkovich lacked authority to issue a walker absent an order for one, which had not been given, and absent directly evaluating Thompson herself or consulting with a lower-level practitioner presently evaluating Thompson.    As an HSA, Crnkovich is an administrator, and she does not routinely perform any clinical services.    Without the requisite authority, Crnkovich cannot be found to have been deliberately indifferent toward Thompson's alleged needs. *See Marquez v. Woody*, 440 F. App'x 318, 323 (5th Cir. 2011) (per curiam) (holding a prison official was not deliberately indifferent for not issuing dentures where the official "did not have the authority to physically give [the prisoner] dentures or to change the policy on dentures").

Finally, Thompson also contends on appeal he was overmedicated, without regard to prior medical diagnoses.    Although Thompson mentions being overmedicated in passing within his district-court briefing, he did not raise any concern over his prior diagnoses there, and he cannot on appeal attack the grant of summary judgment "by raising distinct issues that were not before the district court". *John v. State of La. (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 710 (5th Cir. 1985).    Moreover, to the extent Thompson has claimed, both here and in district court, he was generally overmedicated, he does not allege Crnkovich was involved.

AFFIRMED.

5