# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2026

Lyle W. Cayce
Clerk

No. 24-20569

Michael Wayne Stewart,

*Plaintiff—Appellant*,

*versus*

Medical Director; Supervisor of Nurses; Ed Gonzalez, *Sheriff*; Head Nurse; Medical Administrator; Nurse Beard; Physician; Chief Medical Officer,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-1262

---

Before King, Southwick, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Michael Wayne Stewart, proceeding pro se, appeals the district court's grant of summary judgment on his 42 U.S.C. § 1983 claims arising out of the alleged wrongful refusal to provide him with a medication called

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20569

Norco[1] while he was detained in the Harris County Jail (the "Jail"). Finding no error, we AFFIRM.

## I.     Background

While he was confined in the Jail, Stewart filed a prisoner's civil rights complaint under § 1983 against several named and unnamed Jail officials and employees. At the district court's request, he subsequently supplemented his complaint with a more definite statement of his claims.

Stewart suffers from severe chronic neck pain. He maintains that he had previously been prescribed Norco for pain relief while in the Jail and that other medications were not effective at relieving his pain. Specifically, he maintains that he was prescribed Norco when he came to the Jail in 2020 and that he was provided with the medication for several months before the medical providers stopped giving it to him. He alleges that it was prescribed again in February 2023, but that once he returned to the Joint Processing Center section of the Jail ("JPC"), he was denied Norco by Nurse Brittney Beard ("Nurse Beard") and was instead provided with a different medication. Stewart alleges that he was denied Norco pursuant to a custom or policy against providing pre-trial detainees with Norco regardless of medical necessity, and that the medical officials informed him that they do not provide Norco to individuals in the JPC because it houses mostly transient individuals.[2]

_____

[1] The district court spells the name of the drug "Norco." In his pleadings, Stewart spells it "Narco." We adopt the district court's spelling, which is correct.

[2] Nevertheless, Stewart also noted that "2 of the Medication Nurses at the JPC Jail, had told Plaintiff that they do give [Norco] to inmates at the Jail, but that it is up to the Discretion of the Doctor."

No. 24-20569

Additionally, Stewart alleges that Nurse Beard prevented him from receiving treatment after he was assaulted by other inmates in January 2023. He maintains that the stoppage of his Norco prescription and delays he experienced in seeing medical staff who could prescribe him Norco were retaliation for filing grievances against medical staff.

Pursuant to 28 U.S.C. § 1915A, after review of the pleadings and the ordered *Martinez*[3] report containing Stewart's medical and grievance records, the district court dismissed all of Stewart's claims against Nurse Beard except the claims for deliberate indifference and retaliation. The district court also dismissed all claims against Sheriff Ed Gonzalez ("Sheriff Gonzalez") except the municipal liability claim for creating and/or implementing an unconstitutional custom or policy of refusing to provide Norco to pretrial detainees regardless of whether it had been lawfully prescribed to them. The district court dismissed with prejudice all claims against "Chief Deputy," "Major," "Captain," "Lieutenant," and "Sergeant," and declined to authorize service of process on "Medical Director," "Medical Administrator," "Head Nurse," "Physician," or "Chief Medical Officer." The district court authorized service of process on Nurse Beard and Sheriff Gonzalez, who both moved for summary judgment.

Despite the district court's order to respond to any summary judgment motion within 30 days, Stewart did not file any opposition to either motion, nor did he produce any evidence or call into question any of the defendants' summary judgment evidence. The district court granted summary judgment in favor of Sheriff Gonzalez and Nurse Beard, holding that the summary judgment evidence established that there was no genuine dispute of material fact and that these two defendants were entitled to

---

[3] *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

3

judgment as a matter of law. The district court then entered final judgment dismissing Stewart's action with prejudice. Stewart moved for relief from the judgment under Federal Rule of Civil Procedure 60(b), and the district court denied the motion. Stewart timely appealed.

## II.    Jurisdiction & Standard of Review

The district court had jurisdiction under 42 U.S.C. § 1331 because Stewart brought claims arising under 42 U.S.C. § 1983. We have appellate jurisdiction under 28 U.S.C. § 1291 because the district court entered a final judgment.

We review a district court's grant of summary judgment de novo, applying the same analysis as the district court. *See Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1326 (5th Cir. 1996). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On summary judgment, we "view[] all evidence in the light most favorable to the nonmoving party and draw[] all reasonable inferences in that party's favor." *Pierce v. Dep't of U.S. Air Force*, 512 F.3d 184, 186 (5th Cir. 2007). "We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (en banc). "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* (emphasis omitted).

Pro se filings are construed liberally, but pro se litigants must still "abide by the rules that govern the federal courts" and "must properly . . . present summary judgment evidence . . . and brief arguments on appeal." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (citations omitted).

No. 24-20569

### III.    Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The district court concluded that there was no dispute of material fact and that Nurse Beard and Sheriff Gonzalez were entitled to judgment as a matter of law because they did not violate Stewart's constitutional rights. As to Nurse Beard, the district court concluded that the undisputed summary judgment evidence established that Stewart's Norco prescription was no longer valid when Nurse Beard refused his request for it, and thus that Nurse Beard was not deliberately indifferent to Stewart's serious medical needs, that she did not deny Stewart access to medical care, and that there was no conduct rising to the level required to prove retaliatory harassment. As to Sheriff Gonzalez, the district court held that the Jail's healthcare policy shows that all healthcare decisions, including those about what medications are to be prescribed to detainees, are made solely by the medical providers, and thus decisions concerning Stewart's medical treatment "resulted from the individual decisions of the Jail's medical providers rather than a policy promulgated by Sheriff Gonzalez."[4]

On appeal, Stewart lists seven points of error, but argues only three: (1) the district court erred in granting summary judgment for the defendants because it did so based on its resolution of disputed facts, (2) Stewart's factual allegations raise a material issue of fact, and (3) the district court granted summary judgment just because Stewart failed to respond to their

---

[4] It is, of course, well known that nurses and sheriffs cannot be the ones to prescribe a pill that needs a prescription. Only doctors do that.

motion. Because arguments not adequately briefed on appeal are forfeited, *see Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by . . . failing to adequately brief the argument on appeal."), we address only the three argued points of error. Further, Stewart does not mention Sheriff Gonzalez in his discussion of the district court's purported error. Although pro se § 1983 filings are liberally construed, "*pro se* parties must still brief the issues." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam). As such, Stewart has forfeited his challenge to the district court's judgment for Sheriff Gonzalez. *See Rollins*, 8 F.4th at 397. We thus address only Stewart's objections to the grant of summary judgment against Nurse Beard.

Stewart's claims against Nurse Beard are based (1) on her alleged deliberate indifference to his serious medical needs by refusing to give him Norco and denying or delaying treatment after he was assaulted in January 2023, and (2) on her alleged retaliation for his having filed grievances against her.[5]

Deliberate indifference to the serious medical needs of a prisoner, which includes intentionally denying or delaying access to medical care and intentionally interfering with prescribed treatment, constitutes a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 102–05 (1976). To make out this claim, a prisoner must show "objective exposure to a substantial risk of serious harm" and "that prison officials acted or failed to

---

[5] Although Stewart's complaint contained allegations against Nurse Beard based on other alleged occurrences, the district court correctly ordered that Nurse Beard needed to "respond only to Stewart's claims that she was deliberately indifferent to his pain and suffering and retaliated against him for writing grievances by refusing, on two occasions, to permit him to see a provider and to provide him with his lawfully prescribed medications."

act with deliberate indifference to that risk." *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006).

With respect to the alleged denial and delay of treatment after Stewart was assaulted by another inmate in early 2023, the summary judgment evidence shows that Nurse Beard did not deny him medical care after the January assault—rather, it shows that he was seen by medical professionals at the Jail on January 27, January 28, February 1, February 2, and February 3. With respect to Stewart's allegation that Nurse Beard refused to give him Norco after it had been prescribed to him, the summary judgment evidence shows that Nurse Beard was not the one who dispensed Stewart's medications between February 15 and 20, 2023, and although she did not provide him with Norco on February 20, 2023, by that point his providers appear to have changed his prescription from Norco to Celebrex. The evidence therefore shows that Nurse Beard did not interfere with a treatment that had been properly ordered for him. Stewart put forward no evidence showing that she intentionally interfered with a lawful prescription order, and, as the district court correctly acknowledged, "his unsupported allegation that Nurse Beard refused to provide him with a lawfully prescribed medication is insufficient to raise a genuine issue of fact."

Stewart also maintains that there was a genuine dispute of material fact as to whether Nurse Beard retaliated against him for filing grievances against her. To succeed on a retaliation claim, a "prisoner must prove that (1) he or she exercised a constitutional right to which (2) the official intended to retaliate against, and (3) the prisoner's constitutional exercise caused (4) the official to commit a retaliatory act that was more than de minimis." *Petzold v. Rostollan*, 946 F.3d 242, 252 (5th Cir. 2019) (emphasis omitted). As the district court correctly acknowledged, "Nurse Beard did not commit a retaliatory act by denying Stewart Norco because he was not prescribed Norco at the time of her alleged action," and Stewart's "conclusory

allegations of a retaliatory motive are insufficient to overcome Nurse Beard's motion for summary judgment."

Although Stewart maintains that the allegations in his pleadings establish a genuine dispute of material fact, he provides no evidence to support any of these allegations that contradict the summary judgment evidence. The district court properly acknowledged that courts "will not consider the nonmoving party's conclusory allegations and unsubstantiated assertions as evidence." The district court therefore did not err by granting summary judgment on these claims because there was no "actual controversy," given that the parties did not "submit[] evidence of contradictory facts." *Little*, 37 F.3d at 1075. Additionally, contrary to Stewart's argument on appeal, this conclusion did not require any credibility determinations on the part of the district court.

Finally, Stewart maintains that the district court erred by granting summary judgment merely because he did not respond to the defendants' summary judgment motions. "A motion for summary judgment cannot be granted simply because there is no opposition." *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Rather, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Id.* It is apparent from its order that the district court did not grant summary judgment solely because of Stewart's failure to respond to the motions. Rather, the district court granted summary judgment because it concluded that the movants, through their proffered summary judgment evidence, established the absence of a genuine issue of material fact such that they were entitled to judgment as a matter of law.

## IV.    Conclusion

The district court did not err in concluding that the summary judgment evidence established that Nurse Beard and Sheriff Gonzalez were entitled to summary judgment. Accordingly, we AFFIRM the summary judgment.