United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51257
Summary Calendar

DEBORAH R ALLEN,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF TRANSPORTATION

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
No. 1:04-CV-682

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this Title VII post-employment retaliation case, *pro se* plaintiff-appellant Deborah Allen

("Allen") appeals a summary judgment order in favor of defendant-appellee Texas Department of

Transportation ("TDOT"). We affirm.

**I. Facts and Proceedings**

The summary judgment record shows that, in 1999, Allen was involved in an accident while

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

driving a TDOT vehicle. Subsequently, she was discharged from her position at TDOT because, TDOT maintains, she failed to timely report the accident and gave a false account of the damages to the vehicle. Allen, who is a black female, filed an EEOC complaint after her discharge, alleging race discrimination. The EEOC subsequently issued Allen a right-to-sue letter, but she declined to file suit.

In 2003 and 2004, Allen twice applied for a position at Texas Department of Public Safety ("DPS"). As the basis of her Title VII retaliation claim, Allen alleges that she received neither position because of a negative reference that was given by her former TDOT supervisor. She also alleges various state law claims against TDOT and DPS.

The district court granted summary judgment in favor of TDOT on the Title VII claim, concluding that no causal link existed between the protected activity of filing an EEOC charge and the alleged retaliatory conduct, *i.e.*, the negative reference. In the alternative, the district court granted summary judgment in favor of TDOT because Allen failed to present any competent summary judgment evidence that her former supervisor ever gave a negative reference. The district court then declined to exercise supplemental jurisdiction over Allen's state law claims. Allen timely appealed.

## II. Standard of Review

We review the district court's grant of summary judgment de novo. *Jones v. Comm'r*, 338 F.3d 463, 466 (5th Cir. 2003). Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We apply the same standard as the district court, construing all facts and inferences in the light most favorable to the non-moving party. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005).

2

### III.  Discussion

"We analyze [Title VII] retaliation claims under the *McDonnell Douglas* burden-shifting framework." *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 330 (5th Cir. 2004).  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973).  Within that framework, the plaintiff first must establish a prima facie case of the three elements of retaliation: "(1) the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action." *Brazoria County v. EEOC*, 391 F.3d 685, 692 (5th Cir. 2004) (emphasis and quotation omitted).  If the plaintiff sets out a prima facie case, the burden then shifts to the employer to state a legitimate non-retaliatory reason for the adverse employment action.  *Septimus v. Univ. of Houston*, 399 F.3d 601, 607 (5th Cir. 2005).  If the employer meets that burden, the employee then only can prevail by establishing that "the employer's permissible reason is actually a pretext for retaliation." *Id.*

Allen undeniably engaged in protected activity by filing an EEOC complaint. *Hockman*, 407 F.3d at 330.  The district court assumed that, under the circumstances here alleged, a negative reference hypothetically would constitute an adverse employment action. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 339, 346 (1997).  However, the district court found that Allen presented no competent summary judgment evidence to prove that her former supervisor ever gave a negative reference.  With respect to the third element, the district court, citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 463–64 (6th Cir. 2001), concluded that no causal connection linked the protected activity with the negative reference.

TDOT submitted several affidavits and other exhibits in support of summary judgment.

3

TDOT's summary judgment evidence showed that Allen, as part of her DPS application, consented to full disclosure of personnel records from her prior employers, including TDOT. One DPS investigator averred that he contacted Allen's former supervisor and was told only to look at Allen's TDOT personnel file. That investigator looked at Allen's TDOT personnel file and found the information on which TDOT based its discharge. A second investigator, performing a subsequent background investigation, averred that he has no recollection of contacting Allen's former supervisor. Also, Allen's former supervisor averred that he only remembers speaking to the first investigator, whom he directed to TDOT Human Resources and Allen's personnel file.

To counter TDOT's competent summary judgment evidence, Allen presented portions of several documents she alleged she received through the state's "open records" law. The relevant records, which appeared to be individual-page excerpts of longer files, contained no signatures and were not on official letterhead; also, TDOT did not confirm the validity of the relevant records.[1] Therefore, the district court properly did not consider Allen's proffered evidence. *See* FED. R. EVID. 901, 902; *R.R. Mgmt. Co. v. CFS La. Midstream Co.*, 428 F.3d 214, 220 (5th Cir. 2005) (discussing proper authentication methods, including signatures and opponent admissions); *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 270 n.10 (5th Cir. 2002) (discussing inadmissibility of insufficiently authenticated photocopied passages). Also, though Allen argued that the two investigators personally informed her that the former supervisor gave a negative reference, she did not aver to that in an affidavit; her unsworn assertion is not competent summary judgment evidence. *See Okoyo v. Univ.*

[1]TDOT, in its answer to Allen's amended complaint, did confirm the authenticity of one document. That document showed that a TDOT Human Resources employee, years after Allen's discharge, told another state agency that Allen was "rehireable." Nonetheless, the information is irrelevant to the determination of whether Allen's former supervisor gave *any* reference to DPS, much less a negative one.

*of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 515 (5th Cir. 2000). *See also Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) ("Although pro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials."). Therefore, Allen submitted no relevant competent summary judgment evidence to rebut TDOT's affidavits.

Even though we view the evidence and inferences in a light most favorable to Allen, her claim fails because she does not establish a prima facie case on either the second or third prongs of a Title VII retaliation claim. Since she provides no support for her allegation that her former supervisor gave a negative reference, she cannot establish that her former "employer took adverse employment action against" her. *See Brazoria County*, 391 F.3d at 692 (emphasis and quotation omitted). Furthermore, even if the DPS investigators' actions of looking at a personnel file could be construed as TDOT giving a negative reference, Allen has not established a prima facie case of a "causal link" between the EEOC charge and the information in the file. *See id.* It is uncontested that the content of the personnel file (and, therefore, of any negative reference based on the information in the personnel file) was created *before* the EEOC charge. As well, the four-year gap between the protected activity and the alleged negative reference does not support a prima facie case of a causal link between the protected activity and the alleged retaliation.[2] *See Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471–72 (5th Cir. 2002).

The summary judgment record provides no support for Allen's allegations that her former supervisor gave a negative reference or that any alleged negative reference was causally linked to the

---

[2]Moreover, since TDOT released the information in Allen's personnel file at DPS's request and with Allen's consent, there is no indication that the release was prompted by a retaliatory motive.

5

EEOC charge.  Accordingly, the district court properly granted a judgment as a matter of law in favor of TDOT.  Additionally, without a federal cause of action before it, the district court acted within its discretion in declining to exercise supplemental jurisdiction over Allen's state law claims against TDOT and DPS.  *See* 28 U.S.C. § 1367(c).  *See, e.g.*, *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999) ("[W]e are mindful of the wide discretion vested in the trial court to order a remand of state claims on the heels of a dismissal of federal claims.").

## IV.  Conclusion

The grant of summary judgment is AFFIRMED.