# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10429
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2014

Lyle W. Cayce
Clerk

JARED B. DAY; LISA M. DAY,

> Plaintiffs-Appellants

v.

WELLS FARGO BANK NATIONAL ASSOCIATION; WELLS FARGO HOME MORTGAGE,

> Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-76

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Jared B. Day and Lisa M. Day, proceeding pro se, argue that Wells Fargo Home Mortgage and Wells Fargo Bank National Association (collectively "Wells Fargo") wrongfully initiated foreclosure proceedings after they defaulted on their loan because Wells Fargo did not own the promissory note securing the mortgage. Because we find that Appellants did not establish a genuine issue of material fact as to the note's ownership or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10429

Wells Fargo's right to foreclose, we AFFIRM the district court's grant of summary judgment to Wells Fargo.

## FACTS AND PROCEEDINGS

In February 2011, Appellants purchased the property at issue, executed a note to Wells Fargo in the amount of $241,390 and executed a Deed of Trust to secure the note. In July 2012, Wells Fargo sent a notice of default to Appellants. In November 2012, Appellants were notified that Wells Fargo was accelerating the note, and on December 4, 2012 Wells Fargo purchased the property at a foreclosure sale. On December 7, 2012, Appellants filed suit in state court to quiet title. Wells Fargo subsequently removed to federal court. Wells Fargo moved for summary judgment on January 2, 2014. After Appellants failed to respond within the allotted time, the district court granted the motion for summary judgment and awarded Wells Fargo $18,000 in attorneys' fees.

## STANDARD OF REVIEW

"We review a grant of summary judgment de novo, applying the same standard as the district court." *Haverda v. Hays Cnty.*, 723 F.3d 586, 591 (5th Cir. 2013). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A motion for summary judgment cannot be granted simply because there is no opposition . . . ." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). However, a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law. *See id.*

No. 14-10429

## DISCUSSION

Appellants appeal the district court's grant of summary judgment in favor of Wells Fargo.[1]  As a matter of law, Appellants are not entitled to equitable relief in the form of a quiet title action.  Because we have diversity jurisdiction over this action, we apply the substantive law of the forum state, Texas.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).  "Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid."  *Warren v. Bank of America, N.A.*, 566 Fed. App'x 379, 382 (5th Cir. 2014).  Appellants have not met the third part of this test.  The evidence shows that Wells Fargo had a valid claim to the property and properly foreclosed.  Wells Fargo is the owner and holder of the original "wet ink" note.  The Deed of Trust, signed by Appellants, grants Wells Fargo various rights in connection with the note.  The Deed of Trust permits Wells Fargo to accelerate payment if Appellants default "by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment."  On July 16, 2012, Appellants received a notice of default for failure to make required monthly payments.  The Deed of Trust provides that, if there is a default and acceleration, Wells Fargo may invoke the power of sale.  The Deed of Trust sets forth certain

---

[1] Appellants also attempt to introduce new claims for the first time on appeal.  "We will not consider an issue that a party fails to raise in the district court, absent extraordinary circumstances."  *N. Alamo Water Supply Corp. v. City of San Juan, Tex.*, 90 F.3d 910, 916 (5th Cir. 1996).  Since Appellants provide no explanation for their failure to raise these claims in the district court, we will not consider these new issues, including Appellants' claims under the statute of frauds and holder in due course status.

3

requirements for notice and sale, all of which were facially complied with by Wells Fargo.

Appellants submitted no evidence in opposition to Wells Fargo's summary judgment motion, let alone evidence that casts doubt on Wells Fargo's ownership of the note and right to foreclose. Appellants assert that Wells Fargo was not the holder of the note, that Wells Fargo was not the party in interest because it appointed a trustee to effectuate the foreclosure sale, that Wells Fargo has not proven that it advanced funds pursuant to the Deed of Trust, and that Wells Fargo is not the holder of the note because Wells Fargo securitized the note. But Appellants have submitted no evidence to support any of their claims.[2] On appeal, for the first time, Appellants attempt to submit evidence to create an issue of material fact regarding Wells Fargo's ability to foreclose. Since this court's inquiry is limited to the summary judgment record before the trial court, we will not consider the newly submitted evidence. *Trinity Industries, Inc. v. Martin*, 963 F.2d 795, 799 (5th Cir. 1992) ("Generally, we will not enlarge the record on appeal with evidence not before the district court."); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 n.10 (5th Cir. 1992). In the face of the unrebutted evidence submitted by Wells Fargo, Appellants failed to show a genuine issue of material fact as to whether Wells Fargo owned the note before it began foreclosure proceedings or whether it had a right to foreclose on the property.

## CONCLUSION

For the foregoing reasons, the district court is AFFIRMED.

---

[2] Appellants may not use their decision to proceed pro se to avoid their responsibility to present evidence to establish an issue of material fact. *See Allen v. Texas Dept. of Transp.*, 186 Fed. App'x 501, 503 (5th Cir. 2006).

4