# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31247

ANTHONY JAMES CALAIS,

Plaintiff - Appellant

v.

RONALD J. THERIOT, In his capacity as Sheriff of St. Martin Parish;
HEATH JOHN BABINEAUX, Major; BROOKS BENOIT, Deputy; WADE
DEVILLIER, Deputy; BRAD LEBLANC, Deputy; WALTER LEE, Major;
TODD NOEL, Sergeant; CHARLES SCOTT, Sergeant, also known as Chuck
Scott; ROBERT THIBODEAUX, Detective,

Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Louisiana
6:12-cv-2172

Before KING, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Anthony James Calais ("Calais"), appearing *pro se*,
brings several constitutional claims under 42 U.S.C. § 1983 and several state
law claims against Defendants-Appellees. Calais alleges that Defendants

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

caused him to be falsely arrested, illegally imprisoned, and subjected to excessive force "in direct retribution for [his] earlier attempts to seek an investigation of his daughter's brutal rape at the hands of [Defendant-Appellee] Deputy Devillier."[1]

Defendants asserted the defense of qualified immunity and moved for summary judgment on all of Calais's claims. Defendants attached to their motion a statement of undisputed facts, affidavits, and other evidence indicating that they had arrested Calais pursuant to probable cause without using excessive force. Calais did not file a responsive affidavit or make any other timely response to Defendants' summary judgment motion.

The district court held a hearing on the motion, which Calais attended. The court asked Calais whether he "ha[d] any facts or evidence to show why [the court] should not grant the summary judgment [motion]." Calais failed to provide any substantive response, and the court granted Defendants' motion as unopposed. Calais now appeals.

"We review a grant of summary judgment *de novo*, applying the same standard as the district court."[2] Although "'[a] motion for summary judgment cannot be granted simply because there is no opposition,' . . . a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law."[3]

Because Calais did not respond to the summary judgment motion, and because Defendants' unopposed summary judgment evidence was sufficient to

---

[1] We express no view as to the truth or falsity of Calais's rape allegations.

[2] *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (quoting *Haverda v. Hays Cnty.*, 723 F.3d 586, 591 (5th Cir. 2013)).

[3] *Id.* (quoting *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

No. 13-31247

refute all of Calais's claims, we affirm the district court's grant of summary judgment in Defendants' favor.[4]

We will not consider evidence that Calais filed after the district court had already granted Defendants' summary judgment motion.[5] In any event, this filing does not contain an affidavit from Calais or any other competent summary judgment evidence that would create a genuine issue of material fact.

After reviewing the record, we also reject Calais's argument that the district court should have sanctioned Defendants' counsel pursuant to Federal Rule of Civil Procedure 11(c).

AFFIRMED.

---

[4] *See* FED. R. CIV. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion [and] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it.").

[5] *See Day*, 768 F.3d at 436 (citations omitted) ("Since this court's inquiry is limited to the summary judgment record before the trial court, we will not consider the newly submitted evidence.").

3