# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30891

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

S. P. DAVIS, SR.; KHARMEN K. DAVIS; S. P. DAVIS, JR.,

Defendants - Appellants.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-1602

Before WIENER, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Defendants-Appellants S.P. Davis, Sr., S.P. Davis, Jr., and Kharmen Davis appeal the district court's grant of summary judgment. We affirm.

In May 1989, Defendant-Appellant S.P. Davis, Sr. ("Davis") and his wife Sharon, who had been married since 1979, used community funds to purchase a lot at 2129 North Cross Dr. in Shreveport, Louisiana, and build a residence on the lot (collectively, "the Property"). Sharon died intestate in May 2013. As

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30891

a result, Davis remained full owner of 50 percent of the Property and became usufructuary of the other 50 percent. Their adult children, Defendants-Appellants S.P. Davis, Jr. ("S.P.") and Kharmen Davis ("Kharmen"), each inherited a 25 percent naked ownership interest in the other 50 percent of the Property, subject to Davis's usufruct.[1]

In August 2002, a delegate of the Secretary of the Treasury made assessments against Davis for the unpaid trust fund portions of federal employment taxes for three related medical companies that Davis co-owned. As a result of the assessments, a federal tax lien attached to all of Davis's property and rights.[2] In 2008, the District Court for the Western District of Louisiana entered judgment in favor of the government and found that Davis was jointly and severally liable with the medical companies' other co-owners for more than $3.1 million in federal tax liabilities, plus interest that had accrued since June 30, 2008, pursuant to 26 U.S.C. §§ 6671 and 6672. The court concluded that Davis and the companies' co-owners willfully failed to make the tax payments because they were each responsible for the collection and payment of the employment taxes of the corporate entities but had failed to do so. Davis was ordered to pay the government $3,327 per month to apply toward the judgment.[3]

In June 2012, the government filed suit to foreclose federal tax liens on the Property, have it sold, and apply the proceeds of the sale to Davis's federal tax liabilities. The government initially named Davis, Sharon, and Regions Bank ("Regions") as defendants, including Regions because it held a mortgage

---

[1] LA. CIV. CODE arts. 478, 880, 890, 2336.

[2] *See* 26 U.S.C. §§ 6321, 6322.

[3] *Davis v. United States*, No. 5:06-cv-158, ECF No. 135 (W.D. La. Oct. 6, 2011).

2

No. 16-30891

that encumbers the Property.[4] After Sharon's death, the government substituted S.P. and Kharmen in place of Sharon as persons who might claim an interest in the Property.

Davis moved for partial summary judgment, arguing that, if the court allows the government to foreclose on and sell the Property, S.P. and Kharmen are each entitled to one-fourth of any proceeds from the sale of the Property that remain after satisfaction of the Regions debt securing the mortgage. The government opposed Davis's motion and filed a cross-motion for summary judgment, urging the court to enforce the seizure and sale of the Property and distribute the proceeds pursuant to the security interests.

The district court denied Davis's motion and granted the government's motion, ordering that the government could seize and sell the Property and apply the proceeds toward the federal tax lien, subject only to prior-recorded superior security interests. The court concluded that a foreclosure sale of the Property was an appropriate remedy in light of "the amount of money that is owed by Davis . . . and the lapse of almost seven . . . years from the entry of judgment." The appellants subsequently filed a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. The court denied the motion and entered an order of foreclosure and sale. The appellants timely appealed.

We review a district court's grant of summary judgment de novo.[5] "Summary judgment is proper 'if the movant shows that there is no genuine

---

[4] The government concedes that the Regions mortgage on the Property has priority over the federal tax liens. *See* 26 U.S.C. § 6323(a).

[5] *Capitol Indem. Corp. v. United States*, 452 F.3d 428, 430 (5th Cir. 2006).

dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[6]

Under 26 U.S.C. § 7403, the United States may bring suit to enforce its tax liens "or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." The statute also provides the mechanism by which the district court "may decree a sale of such property . . . and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."[7]

The appellants contend that the district court "erred in refusing to exercise its discretion and prohibit the sale and seizure of the subject property." Section 7403 gives the district court "reasoned discretion" to decline to order a sale to enforce a federal tax lien.[8] But, that "limited discretion . . . should be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes."[9] In light of Davis's failure to comply with the district court's order to make monthly payments of $3,327 to satisfy the judgment, we cannot say that the district court reversibly erred in refusing to exercise its limited discretion to decline to order the sale of the Property.

---

[6] *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435 (5th Cir. 2014) (per curiam) (quoting FED. R. CIV. P. 56(a)). This case presents no material factual disputes.

[7] 26 U.S.C. § 7403(c).

[8] *Id.*; *United States v. Rodgers*, 461 U.S. 677, 705–06 (1983) ("[W]e . . . conclude that § 7403 does not require a district court to authorize a forced sale under absolutely all circumstances, and that some limited room is left in the statute for the exercise of reasoned discretion.").

[9] *Rodgers*, 461 U.S. at 711. In *Rodgers*, the Supreme Court enumerated factors that serve not as a "prerequisite to a district court's power to decree a sale under § 7403" but rather "serve to limit the district court's equitable discretion *not* to sell, and to provide a framework under which it must justify its refusal to order a sale under § 7403." *United States v. Davenport*, 106 F.3d 1333, 1338 (7th Cir. 1997); *see also Rodgers*, 461 U.S. at 709–11.

No. 16-30891

State law determines the property interests to which federal tax liens attach.[10] The instant tax liens, which attached in August 2002 and thus during the Davises' marriage, was a separate obligation incurred by Davis during the community property regime.[11] The Property was owned by Davis and Sharon as community property, and each owned an undivided one-half interest in it.[12] Louisiana law provides that a separate obligation incurred by one spouse during the community property regime may be satisfied from community property even "after termination of the regime from the property of the former community . . . ."[13] Therefore, the Property remains subject to seizure and sale under 26 U.S.C. § 7403, and the district court appropriately granted summary judgment for the government.[14]

The appellants assert in the alternative that Kharmen and S.P. are each entitled to one-fourth of any sale proceeds that remain after satisfaction of the debt securing the mortgage. Kharmen and S.P. each inherited a 25 percent naked ownership interest in the Property, subject to Davis's usufruct and encumbered by the federal tax liens that attached to the entire community property during Sharon's lifetime. In light of the well-established principle that "the first in time is the first in right,"[15] Kharmen's and S.P.'s interests are inferior to the government's.

---

[10] *Aquilino v. United States*, 363 U.S. 509, 512–13 (1960).

[11] LA. CIV. CODE art. 2363 ("A separate obligation of a spouse is . . . one incurred during the existence of a community property regime though not for the common interest of the spouses or for the interest of the other spouse.").

[12] LA. CIV. CODE arts. 2336, 2338.

[13] LA. CIV. CODE arts. 2345, 2357. The community property regime is terminated by the death of a spouse. *See* LA. CIV. CODE art. 2356.

[14] The other arguments the appellants raise on appeal are unavailing.

[15] *United States v. City of New Britain, Conn.*, 347 U.S. 81, 85 (1954); *see also City of Dallas, Tex. v. United States*, 369 F.2d 645, 648 (5th Cir. 1966); *Jordan v. Hamlett*, 312 F.2d 121, 124 (5th Cir. 1963).

No. 16-30891

The district court's grant of the government's motion for summary judgment is AFFIRMED.