# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60858
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2019

Lyle W. Cayce
Clerk

KENNETH WARREN SAUTER,

> Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

> Respondent - Appellee

Appeal from a Decision of the
United States Tax Court,
T.C. No. 15972-17

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Kenneth Warren Sauter appeals the Tax Court's order granting summary judgment to the Commissioner of the Internal Revenue Service. Sauter claims the $97,188 he failed to report as income was nontaxable. In

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60858

granting summary judgment, the court held Sauter's arguments were frivolous and without merit.  We AFFIRM.

The Social Security Administration reported on a Form SSA-1099 that in 2015 it paid $20,712 to Sauter.  Additionally, Alma Products Holdings, Inc. reported on a Form 1099-MISC, Miscellaneous Income, that it paid $97,188 to Sauter in 2015.  When Sauter filed his 2015 tax return, he reported only the $20,712 in income paid by the Social Security Administration (SSA).  The IRS sent Sauter a notice of deficiency, determining a $26,132 deficiency in his 2015 federal income tax due to his failure to report the Alma Products earnings.

On July 26, 2017, Sauter filed a petition with the Tax Court, contesting only the IRS' determination that the Alma Products payments were taxable income.  The Commissioner moved for summary judgment, and Sauter failed to respond.  The Tax Court granted the motion, finding Sauter's arguments frivolous and without merit.

We review the Tax Court's grant of summary judgment *de novo*.  *Jones v. C.I.R.*, 338 F.3d 463, 466 (citing *Perez v. United States*, 312 F.3d 191, 193 (5th Cir. 2002)).  Summary judgment is appropriate if "there is no genuine dispute as to any material fact" and "a decision may be rendered as a matter of law."  Tax Court R. Prac. & Proc. 121(b).  "If the adverse party does not so respond [to the summary judgment motion], then a decision, if appropriate, may be entered against such party."  Rule 121(d).

Sauter does not dispute receiving the $97,188 from Alma Products; instead, he argues only that the income is nontaxable because "trade or business" in Internal Revenue Code § 7701(a)(26) is defined as "includ[ing] the performance of the functions of a public officer," and, thus, *only* those trade or business activities that can be defined as "the performance of the functions of a public office" are taxable.  We agree with the Tax Court that this argument is frivolous and without merit.

2

No. 18-60858

Section 61 defines "gross income" as "all income from whatever source derived, including . . . [c]ompensation for services." I.R.C. § 61(a). Section 7701 further clarifies that "includes" and "including" when used in a definition "shall not be deemed to exclude other things otherwise within the meaning of the term defined." *Id.* at § 7701(c). There is no genuine dispute of material fact, as Sauter admitted to receiving the compensation for engineering design work, and the Commissioner is entitled to judgment as a matter of law.

The remainder of Sauter's arguments were not raised below and are, therefore, waived. *See Day v. Wells Fargo Nat'l Ass'n*, 768 F.3d 435, 436 n.1 (5th Cir. 2014) (per curiam).

AFFIRMED.