# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2021

Lyle W. Cayce
Clerk

No. 20-40279

Brian Miller,

*Plaintiff—Appellant*,

*versus*

Officer R. Dricks, Individually;
Sergeant B. Macik, Individually;
J. Santos,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:18-CV-284

Before Jones, Clement, and Graves, *Circuit Judges*.

Per Curiam:*

The court has considered this appeal in light of the briefs, record, and oral argument. Having done so, we conclude that the district court's judgment is AFFIRMED in Part and REVERSED and REMANDED in Part.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40279

Appellant Brian Miller suffered a broken jaw and head laceration during his arrest for evading a police officer in a motor vehicle. He sued the City of Texas City and three of its police officers for excessive force under the Fourth and Fourteenth Amendments. 42 U.S.C. § 1983.[1] As the case proceeded, he was deposed, discovery deadlines were set, and a potential trial date announced. The police officers moved for summary judgment, which the district court granted with a written opinion in which it found no unconstitutional use of excessive force and, in the alternative, qualified immunity for each officer. The court also rejected Miller's bystander liability claim against Officer Santos.[2]

Having reviewed de novo the underlying evidence, which includes a dashcam video of the initial encounter, pursuit and takedown of Miller, together with the defendants' affidavits, excerpts from Miller's deposition, and hospital records, we disagree with the district court's assessment of some of the facts as follows.[3]

---

[1] The City was dismissed by the trial court and appellant has not challenged that order.

[2] Miller obtained an extension of time to file his response, but he let that date pass and did not file a response for five months. The district court, sua sponte, struck the response for untimeliness, hardly an abuse of discretion. Nonetheless, despite some inartful wording in its summary judgment decision, the court did not grant a de facto default judgment against Miller but assessed the case in light of the properly admitted evidence at that point. The court did not err in its application of Rule 56 for a motion filed without opposition. *See Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435 (5th Cir. 2014). Nor did the court erroneously deny Miller's subsequent motion for new trial and related relief, in which is there no convincing attempt to show excusable neglect for counsel's serious breach of the court's time schedule. *Cf. Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 113 S. Ct. 1489 (1993).

[3] All parties and the district court are well acquainted with the relevant standards for unconstitutional excessive force and qualified immunity, which we apply here.

2

No. 20-40279

As to Officer Dricks, who administered the injurious blows, there are fact issues as to whether the force he used was excessive to the amount of resistance, if any, he encountered or perceived from Miller, and there are consequently fact issues about his entitlement to qualified immunity.

As to Sergeant Macik, who tased Miller, we agree with the district court that based on the circumstances he perceived, and the lack of any injury from the taser, he was entitled to qualified immunity.

Officer Santos was sued for the noninjurious securing of Miller's legs and as a bystander to the events, which occurred within 6 seconds at most. There is no factual basis for a claim of excessive force against Santos. Further, bystander liability requires that an officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) (citing *Randall v. Prince George's Cnty.*, 302 F.3d 188, 204 (4th Cir. 2002) (footnote omitted)). The dashcam video here shows that even if Santos perceived a constitutional violation to Miller, he had no reasonable opportunity to prevent the harm caused by Officer Dricks. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) ("[T]his court may affirm a judgment upon any basis supported by the record.").

For these reasons, the district court's judgment in favor of Sgt. Macik and Officer Santos is **AFFIRMED**, the judgment in favor of Officer Dricks is **REVERSED** and **REMANDED** for further proceedings.