# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2022

Lyle W. Cayce
Clerk

No. 22-50035

J. P. Bryan; Mary Jon Bryan; Gage Properties, Inc.;
Gage Hotel, L.P.,

*Plaintiffs—Appellants*,

*versus*

County Judge Eleazar R. Cano,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CV-25

---

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:*

Appellants, owners of the Gage Hotel in Marathon, Texas, sued County Judge Eleazar Cano in his official capacity for shutting down their hotel for over a month during the Covid-19 pandemic. The district court granted summary judgment in favor of Judge Cano. We affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50035

## I. BACKGROUND

Appellants own and operate the historic Gage Hotel in Brewster County, Texas, home of Big Bend National Park. Eleazar Cano is the county judge of Brewster County, and, as such, serves as the presiding officer of the county's governing body. *See* Tex. Loc. Gov't Code § 81.001.

By March 2020, Covid-19 had spread to Texas. In response, Governor Greg Abbott declared "a state of disaster for all counties" on March 13. Four days later, Judge Cano declared a local state of disaster for Brewster County, although no Covid-19 cases had been reported in the county or in any adjacent county. Both Governor Abbott and Judge Cano acted pursuant to their respective powers under the Texas Disaster Act of 1975. *See* Tex. Gov't Code Ann. §§ 418.014, 418.108.

On March 20, 2020, Judge Cano amended his declaration to order all hotels, motels, short-term rentals, RV parks, and campgrounds to vacate any guest not using the room or site as a primary residence. He soon amended his declaration again to allow active-duty military, law enforcement, national guard, emergency service personnel, and healthcare professionals to use county hotels, motels, and short-term rentals. Lodging businesses remained closed to all "recreational travelers." On March 25, Judge Cano declared another local state of disaster and maintained the restrictions on hotels, motels, and the like. On March 31, Governor Abbott issued an executive order prohibiting, in relevant part, local officials from restricting essential services as defined by the Department of Homeland Security. The order did not mention hotels or similar businesses. By a series of supplemental orders beginning April 1, Judge Cano extended the hotel restrictions through April 30, 2020. Brewster County's first confirmed Covid-19 case appeared on April 25.

2

No. 22-50035

On April 10, 2020, J.P. Bryan, an owner of the Gage Hotel, brought suit under 42 U.S.C. § 1983 seeking declaratory relief against Judge Cano for allegedly violating his constitutional rights. Bryan then amended his complaint twice to add the remaining owners of the Gage Hotel as plaintiffs, specify that Judge Cano was sued in his official capacity as county judge, request money damages in addition to declaratory relief, and refine his claims.

The district court granted summary judgment for Judge Cano on all counts. The Gage Hotel owners appeal the judgment and the court's exclusion of their expert witness's affidavit.

## II. Discussion

"This court reviews the district court's grant of summary judgment de novo, applying the same standards as the district court." *DePree v. Saunders*, 588 F.3d 282, 286 (5th Cir. 2009). A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). We review the exclusion of expert testimony for abuse of discretion. *Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 400 (5th Cir. 2016).

Appellants raise six arguments on appeal. The first three relate to Appellants' equal protection, due process, and unreasonable seizure claims. Appellants' fourth argument is presented on appeal as an *ultra vires* claim, that is, that Judge Cano's orders exceeded his statutory authority, but below it was framed as another due process violation. Appellants' fifth argument contests the district court's judgment to the extent it dismissed any of their claims on sovereign immunity grounds. We assume *arguendo* that Judge Cano acted as county official and, as such, does not enjoy the state's immunity. *See Danos v. Jones*, 652 F.3d 577, 582 (5th Cir. 2011) (assuming

3

that defendants were not immune from suit and proceeding to rule for the defendants on the merits).  Finally, appellants challenge the expert witness affidavit's exclusion.

## A. Equal Protection & Due Process

Appellants contend that Judge Cano violated their rights to equal protection and due process by arbitrarily and irrationally ordering the near closure of all hotels in Brewster County.  The district court held that Appellants failed to refute Judge Cano's proffered reasons for his orders, supported by evidence, which bore a rational relationship to a legitimate governmental purpose.

### 1. Equal Protection

To establish their equal protection claim, Appellants must first show that "two or more classifications of similarly situated persons were treated differently" under Judge Cano's orders.  *Big Tyme Invs., L.L.C. v. Edwards*, 985 F.3d 456, 468 (5th Cir. 2021) (internal quotation omitted).  The district court found that the orders arguably treated similar categories of guests, businesses, and employment classifications differently.  Appellants concede that their equal protection challenge, implicating neither a suspect class nor a fundamental right, is reviewed according to the rational basis test.[1]  Under this standard, a governmental classification "will be upheld 'if there is a

---

[1] When reviewing the constitutionality of Judge Cano's orders, the district court purported to apply the *Jacobson* test, which asks whether an emergency order "has no real or substantial relation" to public health "or is, beyond all question, a plain, palpable invasion of rights secured by the fundamental law." *Jacobson v. Massachusetts*, 197 U.S. 11, 31, 25 S. Ct. 358, 363 (1905).  But when doing its work, the court properly employed the traditional rational basis standard of review. *See Big Tyme Invs., L.L.C. v. Edwards*, 985 F.3d 456, 467–68 (5th Cir. 2021) (introducing *Jacobson* and then analyzing the equal protection claim under rational basis); *see also id.* at 471 (Willett, J., concurring) (The *Jacobson* test "is just a roundabout way of conducting a conventional constitutional analysis.").

rational relationship between the disparity of treatment and some legitimate governmental purpose.'" *Greater Houston Small Taxicab Co. Owners Ass'n v. City of Houston*, 660 F.3d 235, 239 (5th Cir. 2011) (quoting *Heller v. Doe*, 509 U.S. 312, 320, 113 S. Ct. 2637, 2642 (1993)).  But a "necessary corollary to and implication of rationality as a test is that there will be situations where proffered reasons are not rational."  *Id.* (internal quotation omitted).  For example, the government "may not rely on a classification whose relationship to an asserted goal is so attenuated as to render the distinction arbitrary."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 446, 105 S. Ct. 3249, 3258 (1985).

Appellants do not dispute that Judge Cano's stated purpose for his orders—the public health of Brewster County—is legitimate.  Rather, Appellants argue that closing hotels to recreational guests but permitting other businesses to serve the same clientele was arbitrary and irrational.  Further, Appellants criticize as particularly arbitrary the distinction drawn between J.P. Bryan and other property owners, whereby Bryan was prohibited from using his secondary residence in the Gage Hotel, but others could occupy secondary residences, so long as they were not in a hotel.[2]

One rationale for treating hotels differently from other businesses was to limit the concentrated presence of visitors and tourists in the county.  Judge Cano and his advisers considered that an important means to the end of public health for several reasons: March and April are popular months for tourism in Brewster County; visitors were retreating to Texas's rural areas to escape big city quarantines; the county had limited means to test residents or visitors for Covid-19; and the county's regional medical center did not

---

[2] When questioned about this restriction at oral argument, counsel for Judge Cano asserted that the orders applied only to "guests."  Thus, they did not reach J.P. Bryan and other non-guest owners.  Judge Cano did not render this opinion earlier in the dispute.

No. 22-50035

have the capacity to care for the anticipated numbers of critically ill patients. Further, a rationale for restricting the class of guests permitted to stay at hotels was to keep recreational guests away while giving emergency service personnel a place to stay. And presumably, the exception for guests whose hotel room was their primary residence existed to avoid evicting people from their homes.

Limiting restrictions to hotels and similar businesses, where guests are more likely to stay for a period of days, during the first weeks of a global pandemic, is not so attenuated from the asserted goal of public health as to render the classification irrational. *See City of Cleburne*, 473 U.S. at 446, 105 S. Ct. at 3258. To be sure, these restrictions were overinclusive in some ways and underinclusive in others. Not every guest turned away from a hotel was a tourist or big city refugee. Nor were visitors prohibited entirely from staying in the county. And prohibiting owners from staying as guests in their own hotel, if that is what happened, may have been a bit overinclusive. But these imperfections do not render Judge Cano's orders arbitrary and irrational. *See Vance v. Bradley*, 440 U.S. 93, 108, 99 S. Ct. 939, 948 (1979) (noting "perfection is by no means required" and that over and underinclusive classifications are permissible).

The Appellants' equal protection claim fails as a matter of law.

No. 22-50035

## 2. Due Process

Appellants' due process claim fares no better under rational basis review.[3]  To show that they were arbitrarily deprived of their liberty interests in operating their hotel at full capacity, Appellants must "negative every conceivable basis which might support" Judge Cano's orders.  *F.C.C. v. Beach Comm's, Inc.*, 508 U.S. 307, 315, 113 S. Ct. 2096, 2102 (1993) (internal quotation omitted).

As an initial matter, counts I and III of Appellants' third amended complaint allege that Judge Cano acted *ultra vires* and thus trampled on Appellants' due process rights.  On appeal, Appellants insist that Judge Cano's orders were arbitrary, capricious, and unlawful because no disaster, as defined by the Texas Disaster Act, existed at the time.  In other words, declaring a local state of disaster where none existed was "per se arbitrary and irrational, and, as such, a violation of substantive due process."  *Smith v. City of Picayune*, 795 F.2d 482, 488 (5th Cir. 1986).  In the same vein, they label Judge Cano's April declarations as irrational on the ground that they contradicted Governor Abbott's March 31 executive order, which prohibited local authorities from restricting access to essential services.

These arguments fail as a matter of law.  Allegations that Judge Cano violated state law are "alone insufficient to state a constitutional claim under the Fourteenth Amendment."  *FM Props. Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996).  To hold otherwise would "improperly bootstrap state law into the Constitution."  *Stern v. Tarrant Cnty. Hosp. Dist.*,

---

[3] Appellants allege violations of their economic liberty interests, to which rational basis review applies.  *See Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*, 560 U.S. 702, 721, 130 S. Ct. 2592, 2606 (2010).

778 F.2d 1052, 1056 (5th Cir. 1985) (en banc); *see also Lindquist v. City of Pasadena*, 669 F.3d 225, 235 (5th Cir. 2012) (same).[4]

Appellants also attempt to demonstrate irrationality and arbitrariness by submitting evidence that no cases of Covid-19 were reported in Brewster County or in any adjacent county at the time of Judge Cano's orders. They posit that there can be no reason for imposing restrictions on local businesses without scientific data proving that the virus was on the county's doorstep. Appellants contend further that permitting healthcare workers and active-duty military members to stay at hotels but not recreational guests was arbitrary.[5]

At its heart, Appellants' argument is that Judge Cano's declarations "were based on fear, not facts." True, Judge Cano's declarations would not survive rational basis review if propped up by fantastic or nonsensical

---

[4] Contrast this case with *Stem v. Gomez*, 813 F.3d 205 (5th Cir. 2016), where this court considered the appellant's state law claim brought under the *ultra vires* exception to sovereign immunity because it was a *state law claim*, not a due process claim. Here, Appellants have not raised state law claims, as their counsel confirmed at oral argument. The separate due process claim presented in *Stem* implicated state law only to the extent it defined the appellant's constitutionally protected property interest. *Id.* at 210–11.

[5] Appellants cite in support two district court cases from other circuits: *League of Indep. Fitness Facilities & Trainers v. Whitmer*, 468 F. Supp. 3d 940, 950–51 (W.D. Mich. 2020), and *County of Butler v. Wolf*, 486 F. Supp. 3d 883 (W.D. Pa. 2020). These cases misplaced the burden of production. In the first, the governor's classification of gyms as dangerous failed rational basis review because she could not muster "a single supporting fact, to uphold their continued closure." *League of Indep. Fitness Facilities & Trainers*, 468 F. Supp. 3d at 950. In the second, the state's closure of "non-life-sustaining" businesses failed rational basis scrutiny because the state "pick[ed] winners" without any "objective definitions and measurable criteria." *Cnty. of Butler*, 486 F. Supp. 3d at 927. During rational basis review, it is the plaintiff who has the "burden to negative every conceivable basis which might support" "the rationality of the legislative classification." *Beach Comm's, Inc.*, 508 U.S. at 315, 113 S. Ct. at 2102 (internal quotations omitted) (emphasizing that "we never require a legislature to articulate its reasons for enacting a statute"). For that reason, if for no other, these cases serve as poor legal support.

rationales or "betrayed by the undisputed facts." *St. Joseph Abbey v. Castille*, 712 F.3d 215, 223 (5th Cir. 2013); *see also Simi Inv. Co. v. Harris Cnty.*, 236 F.3d 240, 253 (5th Cir. 2000) ("a nonexistent park used by County officials to interfere with private property interests is clearly arbitrary"). But Judge Cano's declarations are "not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data." *Beach Comm's, Inc.*, 508 U.S. at 315, 133 S. Ct. at 2102. As discussed above, restricting the operations of key players in the travel industry like hotels in order to limit the presence of out-of-county visitors bore a rational relationship to slowing the spread of Covid-19 at the pandemic's outset. Appellants have not negated this conceivable basis for the order.

## B. Fourth & Fourteenth Amendment Seizure

The district court reasoned that Appellants failed "to present any legal analysis or factual allegations in support" of their Fourth and Fourteenth Amendment claims. Appellants respond that summary judgment may not be granted by default based only on a deficient response, and in any event, their response was not deficient.

Certain principles are settled. A "motion for summary judgment cannot be granted simply because there is no opposition." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). But "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014). Also, the party opposing summary judgment "cannot discharge its burden by alleging legal conclusions." 10A CHARLES ALAN WRIGHT & ALAN R. MILLER, FED. PRAC. & PROC. § 2727.2 (4th ed. Apr. 2022 update). Indeed, "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either

support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting WRIGHT & MILLER, § 2738).

In this case, the district court did not grant summary judgment by default, because it reasonably concluded that the movant Cano carried his burden while the nonmovants failed to demonstrate a material fact dispute.

Under the Fourth Amendment, "[a] seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (internal quotation omitted). And "by its express text, the amendment prohibits only those searches and seizures that are unreasonable in the particular circumstances in which they are performed." *United States v. York*, 895 F.2d 1026, 1028 (5th Cir. 1990).

Even assuming a seizure occurred, the same summary judgment evidence submitted by Judge Cano to show that his restrictions on hotel use bore a rational relationship to public health also shows that the restrictions were reasonable given the circumstances. The only additional evidence Appellants submit in opposition is the declaration of J.P. Bryan, which asserts that Judge Cano's "arbitrary orders" "constituted an unreasonable interference with and deprivation of" his property. These conclusory statements are insufficient to create a material fact dispute.

## C. Expert Witness Exclusion

The district court held that Appellants' expert Dr. Alozie opined about a pure question of law: whether a statutory disaster existed in Brewster County. Indeed, Federal Rule of Evidence 704 is not "intended to allow a witness to give *legal* conclusions." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *see also Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996); *Alldread v. City of Grenada*, 988 F.2d 1425, 1436–37 (5th Cir.

1993). Although he has excellent professional credentials, Dr. Alozie stated in his two-sentence opinion only that "a statutory disaster did not exist . . . because there were no reported cases of COVID-19 in Brewster County [or in any of the surrounding counties] and no imminent threat of a COVID-19 epidemic in Brewster County." This certainly reads as a legal conclusion concerning Texas law notwithstanding Appellants' effort to characterize it as a statement of fact. At the very least, the district court did not abuse its discretion in holding as much.

For the foregoing reasons, the district court's judgment is AFFIRMED.